UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER PETER CZERPAK,

                        Plaintiff,

v.                                                                 Case No. 23-cv-946-pp

DEPUTY PETER KRUEGER, *et al.*,

                        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING THE FILING FEE (DKT. NO. 16)**

---

On September 8, 2023, the court screened plaintiff Christopher Peter Czerpak's complaint under 42 U.S.C. §1983 and allowed him to proceed on Fourth Amendment claims against two defendants. Dkt. No. 7. The court ordered the defendants to respond to the complaint. Id. at 12. On October 9, 2023, counsel appeared on behalf of the defendants. Dkt. Nos. 9, 10. The case is proceeding according to the screening order.

But on November 3, 2023, the court received from the plaintiff a motion for leave to *appeal* without prepaying the filing fee. Dkt. No. 16. Where the motion tells the plaintiff to list his "issues on appeal," he has written:

> I have no money on my account. I have no source of income. I cannot work because of my disabilities. I only get 84 dollars every two weeks that's it. The State takes 50% of all money that is sent to me.

Id. at 1. He repeats some of that information at the end of the motion. Id. at 6.

Under the Prison Litigation Reform Act, an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If an

incarcerated person does not have the money to pay the $505 filing fee in advance for an appeal, he can ask the court for permission to proceed without prepaying the fee (although he will continue to owe it). For the court to consider such a request, the incarcerated person must complete a petition and affidavit and return it to the court, along with a certified copy of his trust account statement showing all transactions during the six months before he filed his complaint. 28 U.S.C. §1915(a)(2). There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: he has not shown that he is indigent, he filed the appeal in bad faith or he has three strikes. See 28 U.S.C. §§1915(a)(2)–(3), (g).

The court finds that the plaintiff has established that he is indigent and has not incurred three strikes. But the court will not grant the plaintiff's motion because he has not taken this appeal in good faith. The plaintiff's lawsuit is not over—it continues in this court. The court has not issued any decision for the plaintiff to appeal, and the plaintiff has not filed a notice of appeal. There is no need for him to seek permission to appeal without prepaying the appellate filing fee when there is nothing for him to appeal yet.

Maybe the plaintiff somehow meant to ask the court to allow him to proceed in this district court lawsuit without prepaying the filing fee, and he just used the wrong form. But he filed exactly that same request in July of this year, and the court granted his motion in the screening order. Dkt. No. 7 at 1–2.

The court suspects that what the plaintiff is *really* asking is for the court to allow him to proceed without paying the filing fee *at all*. The court cannot grant that request. The fact that the court granted the plaintiff's request to proceed without *prepaying* the filing fee does not mean that he does not owe the filing fee. An incarcerated person remains liable for the entire filing fee. Robbins v. Switzer, 104 F.3d 985, 898 (7th Cir. 1997). When a court gives a plaintiff permission to proceed without *prepaying* the filing fee, it means only that he is not required to pay the entire $350 filing fee before proceeding with his lawsuit. He must pay a smaller amount up front—an initial partial filing fee, which the plaintiff has paid—but must pay the remainder of the filing fee over time. In its screening order, the court told the plaintiff that he would be required to pay the remaining $296.35 balance of the filing fee. The screening order explained that the prison must collect monthly payments from the plaintiff's trust account to pay off, over time, the remaining $296.35 balance. That remains true; the plaintiff's institution must deduct payments from his account periodically to pay the balance of the filing fee.

As the court explained in the screening order, the defendants must file a responsive pleading to the plaintiff's complaint. Once they do so, the court will issue a scheduling order providing the parties with information about conducting discovery and filing dispositive motions. Until then, the plaintiff needs only to wait for the defendants' responsive pleading.

The court **DENIES** the plaintiff's motion for leave to appeal without prepaying the filing fee. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 9th day of November, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**