UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER PETER CZERPAK,

                Plaintiff,

v.                                                Case No. 23-cv-946-pp

DEPUTY PETER KRUEGER
and DEPUTY WAYNE BLANCHARD,

                Defendants.

---

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS (DKT. NO. 19)**

---

      Plaintiff Christopher Peter Czerpak is proceeding in this lawsuit under 42 U.S.C. §1983 on claims against two Walworth County sheriff's deputies. Dkt. No. 7. The plaintiff alleges that the deputies fired their weapons at him without cause, hitting him in the back and wrist and causing significant injuries. Id. at 4. At screening, the court allowed him to proceed on claims of excessive force under the Fourth Amendment. Id. at 10.

      On November 14, 2023, the defendants moved to stay the proceedings in this federal case pending the plaintiff's completion of the appeal of his criminal conviction to the Wisconsin Court of Appeals. Dkt. No. 19. In the six weeks or so since the motion was filed, the court has not received a response from the plaintiff, so the court considers the motion to be unopposed. The defendants explain that after the events alleged in the plaintiff's complaint, he was charged with armed burglary, unlawful possession of a firearm and criminal damage to property. Dkt. No. 20 at 1–2; Dkt. No. 21-1. On December 16, 2022, the

plaintiff pleaded guilty to unlawful possession of a firearm and two counts of second degree recklessly endangering safety. Dkt. No. 20 at 2; Dkt. No. 21-2. On May 3, 2023, the plaintiff was sentenced to a total of four years' imprisonment and four years' extended supervision. Dkt. No. 21-2 at 1–2.

The next day—May 4, 2023—the plaintiff filed a notice of intent to pursue postconviction relief. Dkt. No. 20 at 2; see State v. Czerpak, Walworth County Case Number 2020CF360 (available at https://wcca.wicourts.gov/case.html). Under state law, the plaintiff has until December 30, 2023 to file a notice of appeal or a motion seeking postconviction relief. Dkt. No. 20 at 2. The defendants say that "the basis for Plaintiff's appeal is unknown." Id. But they contend that the court must abstain from deciding this civil case "until any appeal on Plaintiff's underlying criminal conviction is resolved." Id. at 4. The defendants cite Younger v. Harris, 401 U.S. 37, 53 (1971), and assert that "[t]here is too great a risk that Plaintiff's federal claims in this suit would seriously interfere with any state court proceedings in Plaintiff's underlying criminal case." Id. In the alternative, they assert that the court should stay this case "until the basis for Plaintiff's state court appeal is known, allowing for further analysis under *Younger*." Id.

Under Younger, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). This rule "is designed to permit state courts to try state cases free from interference by federal courts." Forty One News, Inc. v. County of Lake, 491 F.3d 662, 665 (7th

Cir. 2007) (citations omitted). The Seventh Circuit has explained that even after a state trial has ended, a federal court must abstain from deciding "constitutional issues that are potentially subject to adjudication in [an] appeal" in state court. Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995) ("*Younger* abstention is therefore appropriate while the case works its way through the state appellate process."). The proper application of Younger requires the district court to stay, rather than to dismiss, the federal case seeking damages until the state proceedings conclude. Gakuba, 711 F.3d at 753 (citing Simpson, 73 F.3d at 138–39).

The plaintiff filed his §1983 complaint on July 14, 2023, more than two months after he was sentenced in his state criminal case and filed his notice of intent to pursue postconviction relief. In the federal case, the plaintiff challenges the actions of the sheriff's deputies who apprehended and arrested him, which led to his criminal charges and convictions. The appeals process in his state case remains pending, though the plaintiff has not yet made clear the basis for any appeal or postconviction motion that he plans to file. The court agrees with the defendants that there is a risk that any adjudication in this federal case could interfere with the state courts' resolution of the plaintiff's appeal. The proper course is to stay this federal lawsuit "while the [state criminal] case works its way through the state appellate process." Simpson, 73 F.3d at 138. This case may resume only after the plaintiff has exhausted his state court appeals.

The court previously denied the plaintiff's motion for leave to appeal without prepaying the filing fee. Dkt. No. 18. The plaintiff since has filed a letter explaining that the court made a typographical error in its order. Dkt. No. 23. The plaintiff says that he gets $4 every two weeks, not $84 as the court said in its order. Id.; Dkt. No. 23-1 at 1. Despite the court's error, its conclusions remain. This case has not concluded and is not on appeal, so the plaintiff's motion to proceed on appeal without prepaying the appellate fee is premature. Dkt. No. 18 at 2. The plaintiff also remains obligated to pay the remainder of the $350 filing fee in this district court case. Id. at 3.

The court **GRANTS** the defendants' motion to stay the proceedings in this case pending the plaintiff's exhaustion of his state court appellate remedies. Dkt. No. 19. The court **ORDERS** that this case is **STAYED**.

The court **ORDERS** the clerk to **ADMINISTRATIVELY CLOSE** this case. The court will reopen this case only after the plaintiff notifies the court that his appeals have concluded.

Dated in Milwaukee, Wisconsin this 29th day of December, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**